J. E. GAVITT, COMMITTEE OF CHARLES HENRY WEHN

*v.*

GLADYS G. SWIGER, *et al.*

(No. 13899)

Decided November 21, 1978.

*A. Blake Billingslea, Kenneth P. Simons* for appellants.

*Jones, Williams, West & Jones, Jerald E. Jones* for appellee.

MILLER, JUSTICE:

This case involves the validity of a summary judgment granted against Gladys G. Swiger and her husband, Al Swiger, defendants in a civil action brought by the plaintiff, J. E. Gavitt, the Committee for Charles Henry Wehn, an incompetent. We hold the trial court erred in granting summary judgment.

The legal standard for disposing of a case by way of summary judgment is plain. It should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Judge Haymond in *Aetna Casualty and Surety Co. v. Federal Insurance Co.,* 148 W. Va. 160, 133 S.E.2d 770 (1963), discussed the point with his usual thoroughness, and this standard has been faithfully followed since then. *Johnson v. Junior Pocahontas Coal Co.,* ____ W.Va. ____, 234 S.E.2d 309 (1977); Oakes v. Monongahela Power Co., ____ W.Va. ____, 207 S.E.2d 191 (1974); *Hines v. Hoover,* ____ W.Va. ____, 192 S.E.2d 485 (1972); *State ex rel. Payne v. Mitchell,* 152 W. Va. 448, 164 S.E.2d 201 (1968).

Here, the Swigers were sued by the Committee in January of 1975 on the basis that they had obtained a deed from Mr. Wehn to certain real estate at the time Mr. Wehn was incompetent. The plaintiff's complaint alleged that Mr. Wehn had been adjudicated an incompetent by the County Court of Harrison County on September 23, 1974. The deed in question was executed on June 12, 1974.

The complaint also made reference to the fact that in July of 1968, Mr. Wehn had transferred all of his property in trust to the First National Bank of Grafton, but that the trust was revoked by an agreement between the bank and Mr. Wehn, and that such revocation was approved by the Circuit Court of Taylor County by an order entered December 27, 1973. The plaintiff Committee alleged that Mr. Wehn was incompetent to execute the agreement revoking the trust, and therefore the

trust was still in effect and his subsequent deed to the Swigers in June of 1974 was void.

The Swigers answered the complaint admitting the adjudication of Mr. Wehn's incompetency on September 23, 1974, but denied that he was incompetent in June of 1974 when he executed the deed. They further denied he was incompetent in 1973 when he executed the revocation of the trust with the bank.

The record before us does not disclose whether any discovery was undertaken by the parties. It does contain pretrial memoranda filed by the parties pursuant to a pretrial conference on September 18, 1975. From the pretrial memoranda, it is clear that the central factual issue controverted by the parties was whether, at the time of the execution of the deed to the Swigers in June of 1974, Mr. Wehn was incompetent.[1]

It is difficult to determine from the record the precise nature of the events which culminated in a judgment for the plaintiff Committee. The final order entered June 2, 1976, indicates that the plaintiff had moved for leave to file an amended complaint. The amended complaint set out a second count which asserted that the original trust between Mr. Wehn and the First National Bank of Grafton had never been terminated, and therefore Wehn's subsequent deed to the Swigers was invalid.

Prior to the final order, the court issued a written opinion on April 30, 1976, in which it concluded that the trust agreement between Wehn and the bank was revocable, but had never been terminated. The lower court

---

[1] The plaintiff's memorandum put the issue as follows:

"(7) *Issues of Fact Remaining to be Determined:*

Whether Charles Henry Wehn was influenced, induced and/or defrauded into executing a deed for the real estate in question in this action conveying the same to Gladys G. Swiger while he was incompetent to transact business and did not know the consequences of his act."

The defendants Swiger stated it in this fashion:

"(7) *Issues of Fact Remaining to be Determined:*

"Whether Charles Henry Wehn was capable of transacting business, namely, conveying his property on June 12, 1974."

acknowledged in its written opinion that in a separate summary proceeding between Mr. Wehn and the bank on December 27, 1973, it ruled that the trust was terminated.

The final order authorizes the filing of the amended complaint and directs "that no responsive pleading is required of the defendants." The order then finds that the trust was never revoked and the June 1974 deed from Wehn to the Swigers is invalid.

The issue of whether the trust was in fact terminated was not encompassed within the original complaint. Its thrust was that Mr. Wehn was incompetent. The trust termination issue was not set out in either party's pretrial conference memorandum. It first came into the case when the amended complaint was filed, and yet defendants were not permitted to answer the amended complaint since the final order filing the amended complaint gave judgment to the plaintiff.

The Committee for Wehn argues that the court was correct as a matter of law in declaring that the trust was not terminated on December 27, 1973, since the court's order merely declared the trust revoked and required the trustee to render an accounting, which was never done. Reference is made to *Rogerson v. Wheeling Dollar Savings and Trust Co.*, ___ W.Va. ___, 222 S.E.2d 816 (1976), to demonstrate that the Wehn trust was active and not passive, but the *Rogerson* principle is not applicable here.

The trust law involved is whether a settlor who is also the sole beneficiary of a trust can revoke it even though the trust contains language making it irrevocable.[2] While our law is not replete with authority on this point, we have recognized that a settlor-sole beneficiary can revoke a trust despite language of irrevocability in the

---

[2] Here, the trust instrument executed in 1968 provided it was irrevocable. Mr. Wehn was the sole beneficiary, and upon his death the trust terminated and provided that the "trustee shall make a final accounting with the executor of my estate."

trust instrument. *Angle v. Marshall*, 55 W.Va. 671, 679-81, 47 S.E. 882, 885-86 (1904). Certainly this proposition is rather uniformly accepted in other jurisdictions. *Bottimore v. First & Merchants National Bank*, 170 Va. 221, 196 S.E. 593 (1938); G. Bogert, *The Law of Trusts and Trustees* § 1004 (2nd ed. 1962); A. Scott, *The Law of Trusts* § 339 (3rd ed. 1967); *Restatement of Trusts 2d* § 339 (1959); Annot., 131 A.L.R. 457.[3]

The lower court emphasized that its order of December 27, 1973, found "that the Trust Agreement dated the 3rd day of July, 1968 ... is revocable; and the the First National Bank of Grafton ... should forthwith terminate said Trust and render an accounting to the Petitioner, Charles Henry Wehn ...." The court was of the view that no accounting had been made and therefore that the trust was not terminated.

The fact that a trustee may delay an accounting and payment over of the trust corpus and income after a trust has been terminated does not postpone the vesting of the corpus and income in those beneficiaries who are entitled to the same upon the date of termination. A. Scott, *The Law of Trusts* § 345 (3rd ed. 1967); 89 C.J.S. *Trusts* § 96.

Putting the matter in its simplest terms, on the present state of the record, the lower court was not warranted in holding as a matter of law that the original trust had not been terminated.[4]

Moreover, it is clear that the plaintiff Committee had not made any written motion for summary judgment as

---

[3] Since the trust instrument was executed in 1968 prior to the enactment of W.Va. Code, 36-1-14a, which abolished the Doctrine of Worthier Title, we need not consider the impact of this statute on the right of the settlor—sole beneficiary to revoke, particularly since the trust did not leave the corpus to his heirs at his death. *See generally* L. Simes and A. Smith, *The Law of Future Interests* § 1601, *et seq.* (2nd ed. 1956)

[4] The Committee for Wehn in the amended complaint also claimed that Wehn was incompetent at the time he sought to revoke the trust. The lower court did not address this point and we therefore express no opinion on the validity of this claim.

required by Rule 56 of the West Virginia Rules of Civil Procedure. Ordinarily, in the absence of a written motion for summary judgment by one of the parties, the court is not authorized *sua sponte* to grant a summary judgment. *Herzog & Straus v. GRT Corp.*, 553 F. 2d 789 (2nd Cir. 1977); *Gellman v. State of Maryland*, 538 F.2d 603 (4th Cir. 1976); *Sharlitt v. Gorinstein*, 535 F.2d 282 (5th Cir. 1976); *Twin City Federal Savings & Loan Association v. Transamerica Insurance Co.*, 491 F.2d 1122 (8th Cir. 1974); *Morgan Guaranty Trust Co. v. Martin*, 466 F.2d 593 (7th Cir. 1972); 6 J. Moore, *Federal Practice* 56-338 (2nd ed. 1976). The reason is that it precludes the involved party from having notice of the grounds and an opportunity to respond to demonstrate there is a genuine issue of material fact.

It is true that in the fourth syllabus of *Southern Erectors, Inc. v. Olga Coal Co.*, \_\_\_ W.Va. \_\_\_, 223 S.E.2d 46 (1976), we recognized a limited exception to the general rule:

> "Where a court acts with great caution, assuring itself that the parties to be bound by its judgment have had an adequate opportunity to develop all of the probative facts which relate to their respective claims, the court may grant summary judgment under Rule 56, W. Va. R.C.P., *sua sponte*." [223 S.E.2d at 48]

However, this case does not come within this exception. The record does not demonstrate that the defendants were ever given an opportunity to respond to the issues raised in the new cause of action contained in the amended complaint before the court granted summary judgment.

For the foregoing reasons, the summary judgment in favor of the plaintiff, J. E. Gavitt, Committee for Charles Henry Wehn, is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*