## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Raymond A. Hinerman Sr., and**
**Barbara B. Hinerman, husband and wife,**
**Plaintiffs Below, Petitioners**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0617** (Monongalia County 10-C-896)

**Richard A. Rodriguez and**
**Rita C. Rodriguez, husband and wife;**
**KLM Properties, Inc., a corporation;**
**and Kathy L. Martin, a West Virginia**
**Licensed Realtor,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Raymond A. Hinerman Sr. and Barbara B. Hinerman appeal the grant of partial summary judgment in this matter by the Circuit Court of Monongalia County on April 10, 2012. Mr. Hinerman is a member of The West Virginia State Bar and represented himself and Mrs. Hinerman in these proceedings. Respondents Richard A. Rodriguez and Rita C. Rodriguez, by counsel, Gary S. Wigal, and respondents KLM Properties, Inc., and Kathy L. Martin, by counsel, Adam M. Barnes, filed their responses to which petitioners filed a reply. Petitioners seek reversal of the circuit court's award of partial summary judgment to respondents.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In June of 2010, Mr. and Mrs. Rodriguez entered into a real estate listing agreement with KLM Properties, Inc., through broker Kathy Martin (jointly referred to as "KLM"). Petitioners purchased real property from Mr. and Mrs. Rodriguez through KLM. At the time petitioners viewed the real property, a boat was located on the property. The statement allegedly made by Ms. Martin when petitioners were looking at the home was that the boat would accompany the sale of the real estate "for the right price." The written agreement for the sale of the real estate did not mention the boat. During a subsequent conversation, when asked about the boat Ms. Martin told petitioners she was not sure the boat was part of the transaction and said she would have to call Mrs. Rodriguez to inquire. Mr. Hinerman told Ms. Martin that the boat was part of the negotiations from the beginning and that there were never any discussions that excluded the

1

boat. The closing went forward on the real estate, and petitioners filed suit on issues related to the home and the boat.

The original complaint in the underlying matter was filed on December 27, 2010 against Mr. and Mrs. Rodriguez who filed a motion to dismiss on December 30, 2010. Petitioners filed an amended complaint on January 7, 2011. In response, Mr. and Mrs. Rodriguez filed a motion for summary judgment on January 21, 2011. The portion of the motion for summary judgment related to the house was granted on March 4, 2011, but the portion of the motion for summary judgment related to the boat was denied.[1] A second amended complaint was served on June 9, 2011; that complaint added KLM as defendants. Mr. and Mrs. Rodriguez requested leave to file belated answers to the complaints on July 29, 2011, and the request was granted. After the completion of discovery, respondents filed motions for summary judgment. These motions were granted by order dated April 10, 2012. In that order, the circuit court found that Mr. and Mrs. Rodriguez were entitled to summary judgment on the boat issue by operation of the statute of frauds and/or by operation of the parol evidence rule. The circuit court also found that KLM was entitled to summary judgment on the boat issue because there was no contractual relationship between petitioners and KLM at any time relevant to this matter. The order further states that petitioners failed to meet their burden of production in demonstrating that KLM breached a duty of care owed to petitioners under West Virginia law.

During litigation, petitioners filed a motion for disqualification against the trial court judge and a motion for sanctions against counsel for Mr. and Mrs. Rodriguez, Gary S. Wigal. Petitioners requested that Mr. Wigal be sanctioned for alleged misrepresentations in the motion for summary judgment. However, in its order granting summary judgment, the court determined that all pending motions were rendered moot.

On appeal, petitioners raise fourteen assignments of error but fail to set forth argument related to several of these assignments. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." As this Court previously found, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Moreover, it is an appellant's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004).

---

[1]The grant of summary judgment related to the house was appealed to this Court on April 4, 2011. After hearing oral argument pursuant to Rule 19 of the West Virginia Rules of Appellate Procedure, this Court issued its decision in Appeal No. 11-0595 in which it was determined that the entry of partial summary judgment and the denial of the motion to alter or amend constituted error. The matter was remanded for discovery. The Court also found that an amendment requested by petitioners to the deed delivered to them by the sellers was warranted.

Further, the judgment of the trial court will not be reversed unless error affirmatively appears from the record. *Id.* In addition, this Court has previously held that issues not addressed in an appellant's brief are deemed waived. *Damron v. Haines*, 223 W.Va. 135, 139 n.5, 672 S.E.2d 271, 275 n.5 (2008); *See In re Edward B.*, 210 W.Va. 621, 625 n.2, 558 S.E.2d 620, 624 n.2 (2001). Thus, this Court will only consider the assignments of error for which argument is set forth in the petition.

Petitioners set forth arguments related to four assignments of error.[2] Petitioners first argue that the circuit court erred by granting summary judgment to respondents. Petitioners assert that Mr. and Mrs. Rodriguez breached the contract, Ms. Martin made misrepresentations regarding the inclusion of the boat in the purchase agreement, Ms. Martin violated various realtor statutes, and respondents are subject to promissory estoppel. Petitioners are critical of the circuit court's reliance on the statute of frauds in granting summary judgment to petitioners, as petitioners argue that the parties to the purchase agreement had a written contract which included the boat. Petitioners also criticize the circuit court's emphasis on the fact that Mr. Hinerman is an attorney, as the circuit court found that Mr. Hinerman should understand the legal ramifications of the decision not to insist that the boat be literally included in the offer. Within this assignment of error, petitioners also argue that the circuit court improperly deemed all other pending motions as moot without holding a hearing on the motions, specifically petitioner's motion for sanctions.

In response, respondents assert that when petitioners signed the purchase agreement, they were fully aware, as they admit, that the purchase agreement did not include the boat and that the boat was an issue of contention. Respondents also point to an October 21, 2010, letter from Mr. Hinerman stating it was his understanding that if there was to be a purchase of a boat that it would be by a separate bill of sale. Mr. Hinerman also admits that within approximately one week after the execution of the purchase agreement, petitioners communicated to KLM an offer of $15,000.00 to purchase the boat. KLM argues that the circuit court correctly found that petitioners had no contractual relationship with KLM. Mr. and Mrs. Rodriguez assert that the grant of summary judgment was proper because the four corners of the written contract contain the actual agreement between the parties, and the purchase agreement is the only reference necessary to decide the breach of contract issue concerning the alleged oral promise to convey the boat. Mr. and Mrs. Rodriguez also argue that the pivotal fact is that Ms. Martin testified that she made the unilateral decision not to include the boat in the first purchase offer of $1,000,000 because she did not believe the petitioners expected to get the boat for $1,000,000 and assumed the offer did not include the boat. She also testified that she made the decision not to include the boat in the $1,300,000 counter offer because she did not believe the final offer was high enough to warrant conveyance of the boat. The boat was never discussed with Mr. and Mrs. Rodriguez until after the purchase agreement had been signed by petitioners and Mr. and Mrs. Rodriguez. They also argue that they had no direct contact with petitioners, so no oral contract could exist.

---

[2]In KLM's Response, it sets forth argument that even if this Court were to find that the circuit court erred in granting KLM's motion for summary judgment, KLM is entitled to partial summary judgment on petitioners' claims for attorney's fees, reimbursement for Mr. Hinerman's loss of income, and punitive damages. Due to the fact that this Court finds no error in the circuit court's grant of summary judgment to KLM, KLM's argument is moot.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995). In this instance, the circuit court did not err in finding petitioners failed to satisfy their burden of proof. Thus, the circuit court did not err in granting partial summary judgment to respondents related to the alleged sale of the boat. The written agreement concerning the real estate made no reference whatsoever to a boat.

Petitioners' second assignment of error is that petitioners were entitled to default judgment against Mr. and Mrs. Rodriguez. Petitioners argue that Mr. and Mrs. Rodriguez failed to answer for approximately 150 days, so petitioners were entitled to default judgment against them. Mr. and Mrs. Rodriguez contend that the lower court's ruling denying the motion for default judgment is supported by West Virginia policy that cases should be decided on their merits and that default judgments are not favored. They also argue that they filed motions in response to the complaint which suspended the requirement to answer until the resolution of the motions. After the entry of the order granting the motion for summary judgment on the house issue, an answer on the boat cause of action was then due. According to Mr. and Mrs. Rodriguez, the answer was not timely filed because petitioners filed a motion to set aside the grant of summary judgment which counsel erroneously thought continued the suspension of answering the complaints. Mr. and Mrs. Rodriguez filed a motion for leave to file an answer prior to petitioners filing their motion for default judgment. Mr. and Mrs. Rodriguez assert that the circuit court granted leave to file the answer because petitioners did not allege or show they were prejudiced by the late filing. They also assert that petitioners were on notice of Mr. and Mrs. Rodriguez's defenses through the motion to dismiss and motion for summary judgment.

> "In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." Syl. Pt. 3, *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979).

Syl. Pt. 5, *Tudor's Biscuit World of America v. Critchley*, 229 W.Va. 396, 729 S.E.2d 231 (2012). "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." *State v. Robertson*, No. 11-1618, 2013 WL 657885 (W.Va. February 21, 2013), *quoting* Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997). Thus, this Court will apply an abuse of discretion standard. Based upon the lack of prejudice to petitioners; the presence of the material issues of fact and meritorious defenses, as evidenced by the grant of partial summary judgment to Mr. and Mrs. Rodriguez and the record in this case;

4

and the significance of the interests at stake, this Court finds that the circuit court did not abuse its discretion in denying petitioners' motion for default judgment.

Petitioners' third assignment of error for which argument is set forth is that petitioners were entitled to summary judgment. Petitioners admit that they did not file a motion for summary judgment. Rule 56(a) of the West Virginia Rules of Civil Procedure states, "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." "'Ordinarily, in the absence of a written motion for summary judgment by one of the parties, the court is not authorized *sua sponte* to grant a summary judgment.' Syllabus Point 2, *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978)." Syl. Pt. 2, *Hanlon v. Boone County Community Organization, Inc.*, 182 W.Va. 190, 386 S.E.2d 847 (1989). Due to the fact that petitioner never filed a motion for summary judgment, under the facts and circumstances of this case, there was no error on the part of the circuit court in failing to award summary judgment to petitioners.

Petitioners' final assignment which was argued in the petition was their alleged entitlement to sanctions against Mr. and Mrs. Rodriguez. Petitioners assert that this Court should order a hearing on petitioners' entitlement to sanctions against Mr. and Mrs. Rodriguez for alleged misstatements in their motion for summary judgment. Rather than setting forth argument on this issue, petitioners contend that the same issue is before this Court on their prior appeal related to petitioners' purchase of real estate from Mr. and Mrs. Rodriguez. Petitioners are critical of the circuit court's order which did not address the motion for sanctions. Counsel for Mr. and Mrs. Rodriguez admit that petitioners are correct that there were citation errors in the motions caused by technological issues related to electronic transcripts. Counsel states that the problem was not discovered until petitioners made their allegations that the transcripts were intentionally altered. When counsel was notified of the problem, counsel submitted a supplemental motion for summary judgment with corrected citations.

"It is clear that 'before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority.' Syl. Pt. 1, in part, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996)." *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 226 W.Va. 103, 110, 697 S.E.2d 139, 146 (2010). In addition, "a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct." *Id.* at 111, 147, *quoting* Syl. Pt. 1, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996). Based upon the alleged conduct of counsel for Mr. and Mrs. Rodriguez, the circuit court did not err in failing to specifically address the motion for sanctions when awarding partial summary judgment to respondents.

For the foregoing reasons, we affirm.

Affirmed.

5

**ISSUED:**  May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6