# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William L. Hubbard,**
**Bonnie Zelic,**
**Bradley L. Hubbard,**
**John Paul Smith Jr.,**
**Defendants Below, Petitioners**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0693** (Marshall County 12-C-87)

**Joseph L. Crow Jr.,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners William L. Hubbard, Bonnie Zelic, Bradley L. Hubbard, and John Paul Smith Jr., by counsel David C. White, appeal the Circuit Court of Marshall County's June 16, 2015, order ruling in respondent's favor and striking the matter from the circuit court's active docket. Respondent Joseph L. Crow Jr. made no appearance with this Court. On appeal, petitioners allege that the circuit court violated their due process rights by granting summary judgment for respondent without proper notice.

After a careful review of the appendix record submitted on appeal, the written arguments of counsel, and the applicable precedent, this Court determines that the circuit court erred by sua sponte granting summary judgment for respondent in the absence of any motion and without proper notice to petitioners. Because our decision in this matter is dictated by well-settled law, we conclude that this case satisfies the "limited circumstances" provision in Rule 21(d) of the Rules of Appellate Procedure for reversal and remand in a memorandum decision. As such, by this memorandum decision, we reverse and remand the circuit court's June 16, 2015, order.

Respondent herein filed a civil action regarding a property line in dispute with petitioners in April of 2012. The circuit court held a status conference on June 2, 2015, during which petitioners' counsel

> informed [the circuit court] that their expert surveyor . . . did not perform a survey of the contested property and/or property line in dispute as it was their opinion from looking at the deed, prior surveys of the area and the survey of [respondent's] expert . . . that same accurately identified, portrayed and marked the property and/or property line in dispute as being owned by [respondent], Joseph L. Crow.

The circuit court further noted that petitioners' counsel represented that its expert witness would be unable to render an opinion contrary to that of respondent's expert witness and that, as a

1

result, petitioners "had no expert opinion to rely upon in this matter." As such, the circuit court ruled that the petitioners' camper and utility pole were located on respondent's property and that they had thirty days to remove the same. The circuit court further struck the matter from its docket. It is from this order that petitioners appeal.

We have previously held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). On appeal, petitioners argue that respondent filed no motion for summary judgment prior to this hearing and that the circuit court, on its own motion, ruled in respondent's favor.[1] According to petitioners, the circuit court's ruling violated their due process rights because of the lack of notice regarding the award of summary judgment. Upon our review, the Court agrees that it was error for the circuit court to, in essence, grant summary judgment for respondent when no such motion had been filed and petitioners lacked notice of such a ruling.

We have previously stated that "'[o]rdinarily, in the absence of a written motion for summary judgment by one of the parties, the court is not authorized *sua sponte* to grant a summary judgment.' Syllabus Point 2, *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978)." Syl. Pt. 2, *Hanlon v. Boone Cty. Cmty. Org., Inc.*, 182 W.Va. 190, 386 S.E.2d 847 (1989). Moreover, we have held that

> [a]s a general rule, a trial court may not grant summary judgment *sua sponte* on grounds not requested by the moving party. An exception to this general rule exists when a trial court provides the adverse party reasonable notice and an opportunity to address the grounds for which the court is *sua sponte* considering granting summary judgment.

Syl. Pt. 4, *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 228 W.Va. 34, 716 S.E.2d 696 (2011). In this matter, not only had respondent failed to move for summary judgment on the specific grounds upon which the circuit court based its decision, respondent had not moved for summary judgment at all. Further, the specific facts of this case do not support a finding that the exception to this rule was satisfied, as the record is devoid of any evidence that petitioners were aware the circuit court was considering granting summary judgment, let alone that they were offered an opportunity to address the grounds in an effort to overcome a granting of summary judgment.

For the foregoing reasons, the circuit court's June 16, 2015, order ruling in respondent's favor is hereby reversed and the matter is remanded with direction for the circuit court to provide petitioners the opportunity to address the grounds upon which the circuit court granted summary judgment.

---

[1]Indeed, the docket sheet for this matter does not reflect any motion for summary judgment having been filed. Although the docket sheet was not included in the appendix on appeal, Rule 6(b) of the West Virginia Rules of Appellate Procedure states that "[t]he Court, upon its own motion, may consider portions of the record other than those provided by the parties."

Reversed and Remanded.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II