## STATE OF WEST VIRGINIA

**Jeffrey Dean Humphrey,**
**Plaintiff Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-1009** (Jefferson County 18-C-8)

**Richard Deal,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Dean Humphrey, by counsel Floyd McKinley Sayre III, appeals the Circuit Court of Jefferson County's October 3, 2019, order dismissing his case. Respondent Richard Deal, by counsel Alex A. Tsiatsos, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in dismissing his case, sua sponte, on the grounds that he failed to answer respondent's discovery requests.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties present conflicting versions of the events leading to the filing of the underlying complaint. Given that this case did not reach the fact-finding juncture of the proceedings, we generally note certain facts that have no bearing on the resolution to provide context for this appeal. In the 1990s, either petitioner or petitioner and respondent together created the domain name Blackmagic.com. Petitioner contends that he alone registered the domain name, while respondent contends that the parties jointly created the domain name. According to petitioner, around 1996, he incorporated Black Magic Technologies, Inc. and transferred ownership of the domain name to the corporation. Petitioner contends that at all times respondent was merely an employee of Black Magic Technologies, Inc. and had no ownership rights to the domain name. Respondent, on the other hand, contends that the domain name remained joint property at all times.

According to respondent, petitioner seemingly disappeared and became unreachable around 2000. Respondent claims that he made multiple attempts to contact petitioner but heard

1

nothing from him for almost a decade. Respondent states that he was left during that time with the sole responsibility of maintaining the domain name. Maintenance and upkeep costs for the domain name continued to accrue, and respondent was forced to bear those costs alone. Respondent states that, initially, he resisted all offers to sell the domain name, but as the costs of maintaining the domain name continued to rise and petitioner was still nowhere to be found, respondent eventually reached the decision to sell the domain name. After researching the value of the domain name, respondent sold Blackmagic.com on January 15, 2016, for $12,000.

Only days before the expiration of the statute of limitations in January of 2018, petitioner appeared and filed suit against respondent alleging fraud and conversion for the sale of the domain name. Petitioner alleged that respondent had no authority to sell the domain name, concealed the sale, and kept the proceeds for himself. In March of 2018, the circuit court entered a scheduling order in the matter. Thereafter, petitioner failed to move forward and prosecute his claim in the case. On June 13, 2019, respondent served discovery requests, including interrogatories, requests for admission, and requests for production, upon petitioner. Petitioner filed responses to the requests for admission but failed to respond to the other requests. On July 22, 2019, respondent filed a motion to compel. Petitioner failed to respond to respondent's motion to compel and, on August 13, 2019, the circuit court granted respondent's motion to compel. The circuit court ordered petitioner to provide the documents within five days of the date of the order and warned him that if he failed to comply with the order, he would be prohibited from presenting at trial any documents, testimony, or other evidence which could have been elicited by the unanswered discovery requests. Petitioner failed to respond or produce the requested documents.

At a pretrial hearing held on September 23, 2019, the circuit court dismissed petitioner's case. The circuit court reminded petitioner that it had previously warned that if he did not answer respondent's discovery requests, he would be prohibited from presenting any documents, testimony, or evidence which could have been elicited by the unanswered discovery requests. It was undisputed that petitioner failed to respond to the interrogatories or the requests for production. According to the circuit court, this failure was seriously prejudicial to respondent. The circuit court noted that petitioner had alleged fraud and conversion, and respondent had the right to discover facts about such allegations in a manner that would have permitted him to defend himself at trial. Petitioner had ample opportunity to obtain and prepare documentation but "simply did not do so." As such, the circuit court prohibited petitioner from presenting the related evidence. Resultantly, petitioner would be unable to prove certain key elements of his claims, and the circuit court dismissed his case sua sponte. In support of its decision, the circuit court found that petitioner was prohibited from presenting any evidence regarding damages and, therefore, could not meet his burden of proof. The circuit court stated, "[s]imply put [petitioner] had the burden to prove damages, and his refusal to answer discovery means that he cannot meet that burden." The circuit court made it a point to note that dismissal of the case was not the direct sanction for petitioner's actions. The direct sanction was preclusion of evidence. However, because the preclusion of his evidence rendered petitioner unable to meet his burden of proof, dismissal of the case logically followed.

Furthermore, the circuit court also found that applying dismissal directly as a sanction was appropriate due to petitioner's misconduct. The circuit court noted that this Court has held that "[i]f it is demonstrated that a noncompliant party intentionally or with gross negligence failed to

obey a court order, the full range of sanctions under Rule 37(b) is available to the court." *Bartles v. Hinkle*, 196 W. Va. 381, 390, 472 S.E.2d 827, 836 (1996) (citation omitted). The circuit court found that petitioner had well over a year and a half to prepare his case. The circuit court expressly ordered petitioner to produce documents within a certain time frame to ensure respondent had time to prepare a defense, but petitioner failed to do so and also failed to provide a sufficient explanation as to why he failed to comply. The circuit court found that it was left with no other conclusion, but that petitioner simply chose not to comply with the discovery order. Further, the circuit court found that it would not be fair to force respondent to defend allegations that petitioner prevented him from discovering or to further continue litigation that petitioner effectively chose not to pursue. Accordingly, the circuit court concluded that respondent was entitled to judgment as a matter of law and dismissed petitioner's case.[1]

Later in September of 2019, petitioner filed a "motion for reconsideration." Without holding a hearing, the circuit court denied petitioner's motion. The circuit court treated petitioner's motion as a motion under Rule 60(b) of the West Virginia Rules of Civil Procedure, which provides that a court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" upon a showing of "[m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause." The circuit court found that petitioner failed to explain how his motion fell within any of those categories. Petitioner did not argue that he mistook the discovery requests for something else or that he was surprised by them. The circuit court found that, instead, petitioner chose not to answer discovery. While petitioner insinuated in his motion that answering discovery was harder than he anticipated, the circuit court found that petitioner filed the case over a year prior and should have been prepared. Further, respondent's discovery requests were "relatively standard and they should have been anticipated." Moreover, at no time did petitioner explain why he was not answering discovery requests. He did not ask for an extension or file a motion for a protective order. The circuit court stated, "[h]e didn't do anything that would have suggested that there was any problem in answering the requests. He just didn't answer them." In denying petitioner's Rule 60(b) motion, the circuit court found that "[w]ithout any possibility of proving damages, his case was properly dismissed." The circuit court further found that

> [t]here is nothing extraordinary about this case that would justify undoing the [c]ourt's judgment. This is not a case of excusable neglect or unavoidable cause. There is no mistake here. [Petitioner] knew exactly what was happening at all times. He had multiple opportunities to avoid the ultimate result. Instead, he chose not to follow the rules and he chose to ignore the [c]ourt's order.

In conclusion, the circuit court found that the circumstances did not give rise to Rule 60 relief. Petitioner now appeals the circuit court's October 3, 2019, order dismissing his claim.

This Court has previously held that

> [t]he imposition of sanctions by a circuit court under W. Va. R. Civ. P. 37(b) for the failure of a party to obey the court's order to provide or permit discovery is

---

[1]The order dismissing the case was entered on October 3, 2019.

within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.

Syl. Pt. 1, *Bell v. Inland Mut. Ins. Co.*, 175 W. Va. 165, 332 S.E.2d 127 (1985).

On appeal, petitioner argues that the circuit court erred in dismissing his case based upon the delay in his filing of discovery responses. Petitioner claims he timely filed his responses to respondent's requests for admission, participated in mediation, and attempted to schedule depositions. Petitioner characterizes the circuit court's dismissal of his case in light of these actions as "draconian" and further contends that respondent likewise refused to cooperate in discovery. Petitioner also argues that he was not given enough time to comply with the circuit court's order granting respondent's motion to compel as he was given only five days after the order's entry. Although he did not meet that deadline, he provided full and complete answers to respondent's discovery requests two weeks later. Petitioner also claims that, contrary to the circuit court's findings, respondent was not prejudiced by the delay in discovery responses as he had many of the documents requested in his possession. Based on the foregoing, petitioner claims that the dismissal of his case was unduly harsh and disproportionate.[2]

---

[2]As part of his argument, petitioner claims that the circuit court erred in sua sponte dismissing his claim. We acknowledge that generally, circuit courts are prohibited from sua sponte dismissing claims. *See* Syl. Pt. 2, *Hanlon v. Boone Cty. Cmty. Org., Inc.*, 182 W. Va. 190, 386 S.E.2d 847 (1989) ("'Ordinarily, in the absence of a written motion for summary judgment by one of the parties, the court is not authorized sua sponte to grant a summary judgment.' Syllabus Point 2, *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978)."). Nevertheless, there are exceptions, *see id.* at 193, 386 S.E.2d at 850 (quoting Syl. Pt. 4, *Southern Erectors, Inc. v. Olga Coal Co.*, 159 W. Va. 385, 223 S.E.2d 46 (1976)), and it remains the case that summary judgment is appropriate "when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, in part, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Under the limited circumstances of this case, we find that the circuit court did not err in sua sponte dismissing petitioner's claim as a necessary consequence of the discovery sanctions imposed against him, as more fully set forth below.

Additionally, we point out the cases petitioner cites to in support of his claim that dismissing his suit was unduly harsh are distinguishable and inapplicable to the case at bar. While petitioner cites to *Mills v. Davis*, 211 W. Va. 569, 567 S.E.2d 285 (2002), we reversed the circuit court's dismissal of that claim as unduly harsh based on a lack of a motion to compel. Here, there was a motion to compel, which the circuit court granted, and petitioner failed to respond to it. Likewise, *Kocher v. Oxford Life In. Co.*, 216 W. Va. 56, 602 S.E.2d 499 (2004), is factually distinguishable as it dealt with an inappropriate jury instruction. Lastly, we distinguish *Anderson v. Kunduru*, 215 W. Va. 484, 600 S.E.2d 196 (2004), because counsel in that case admitted that the delay that ultimately resulted in a discovery sanction was caused by him alone. We found that the circuit court in that case "imposed a sanction upon a party—appellant Anderson—for the admittedly sole misconduct of the party's attorney," and that said sanction constituted an abuse of

(continued . . .)

4

Rule 37(b) of the West Virginia Rules of Civil Procedure, provides, in pertinent part:

(2) If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence[.]

Further,

[i]n formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Syllabus Point 2, *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996).

In his brief on appeal, petitioner misconstrues the circuit court's order. While the circuit court was clear that petitioner's willful and deliberate failure to comply with its earlier order could justify the sanction of dismissal, it was equally clear that the sanction actually imposed was preclusion of his evidence of damages. Petitioner does not argue that precluding his use of evidence that should have been produced in response to proper discovery requests was too extreme or "draconian." Indeed, we find that the sanction was proper under the circumstances. Here, respondent filed discovery requests on June 13, 2019. Petitioner filed responses to the requests for admission but failed to respond to the other requests. Respondent attempted to encourage petitioner to comply with the requests without involving the court. However, petitioner failed to respond and, as a result, respondent filed a motion to compel. Petitioner failed to respond to this motion as well and, on August 13, 2019, the circuit court granted respondent's motion, giving petitioner five days to comply. The circuit court specifically warned petitioner that if he failed to comply with the order, he would be precluded from introducing the evidence he failed to produce through

_____

discretion due to that admission of responsibility. *Id.* at 488, 600 S.E.2d at 200. Here, petitioner offers absolutely no explanation for his refusal to comply with discovery requests. As such, we have no indication as to whether it was petitioner or his counsel who led to the delay resulting in a discovery sanction. For these reasons, we find that the cases cited by petitioner are inapplicable.

discovery. Still, petitioner did not respond. He simply remained silent. This Court has previously held that

> "'[w]here a party's counsel intentionally or with gross negligence fails to obey an order of a circuit court to provide or permit discovery, the full range of sanctions under W. Va. R. Civ. P. 37(b) is available to the court and the party represented by that counsel must bear the consequences of counsel's actions.' Syl. Pt. 4, *Bell v. Inland Mut. Ins. Co.*, 175 W.Va. 165, 332 S.E.2d 127, *cert. denied sub nom. Camden Fire Ins. Ass'n v. Justice*, 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985)." Syl. Pt. 2, *Woolwine v. Raleigh Gen. Hosp.*, 194 W.Va. 322, 460 S.E.2d 457 (1995).

Syl. Pt. 5, *Ohio Power Co. v. Pullman Power*, LLC, 230 W. Va. 605, 741 S.E.2d 830 (2013). While petitioner claims that respondent also refused to participate in discovery, the circuit court noted that, in response to petitioner's attempts to schedule depositions, respondent followed proper procedure by obtaining an order allowing him to postpone depositions until petitioner produced the requested discovery. In contrast, petitioner simply did not respond to either respondent's requests or the circuit court's order. Accordingly, we find no abuse of discretion in the circuit court's sanction of evidence preclusion.

Likewise, we find no error in the circuit court's dismissal of the case. In his brief on appeal, petitioner fails to provide any argument that the sanction of preclusion of evidence was erroneous. Rather, as noted above, petitioner focuses on the dismissal of his claims as a direct sanction. However, as the circuit court found, preclusion of evidence was the direct sanction and without evidence to support his damages claim, dismissal of petitioner's suit was a necessary "consequence of [the] discovery sanction." Simply put, petitioner was precluded from introducing evidence of damages and, without said evidence, could not prevail on his claims. Given that petitioner was unable to prevail on his claims due to the discovery sanction, petitioner fails to demonstrate how dismissal was improper under those circumstances. Under these limited circumstances, we cannot find that that dismissal of petitioner's suit as a "consequence" of the discovery sanction was improper. Therefore, petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's October 3, 2019, order is hereby affirmed.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison