**FILED**
**September 15, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James M. Pierson,**
**Plaintiff Below, Petitioner**

**vs.)  No. 22-0501** (Kanawha County 21-C-651)

**Rodney Lee Miles, Christie L. Lucas,**
**Danny M. Lucas, Individually and d/b/a**
**Rock Quarry Stables and Horse Rehab, and**
**Rock Quarry Stables, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner James M. Pierson appeals the order of the Circuit Court of Kanawha County, entered on June 3, 2022, finding no basis for punitive damages, concluding that the amount in controversy did not meet the jurisdictional threshold, and dismissing the matter without prejudice. Respondents Rodney Lee Miles ("Mr. Miles") and Respondent Christie L. Lucas ("Ms. Lucas") respond summarily in support of the order.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision reversing and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In his complaint, petitioner alleges that he purchased a hay elevator (a motorized piece of equipment to lift hay bales) for approximately $3,500 in August 2006. He contends that he ultimately did not use the hay elevator and instead stored it in his barn. Around July 2016, petitioner agreed to lend his hay elevator to one of the respondents,[2] with the caveat it would be returned to him at his request. In October 2020, petitioner requested that the hay elevator be returned. Mr. Miles provided petitioner with Ms. Lucas's telephone number. Petitioner alleges that he contacted Ms. Lucas and Ms. Lucas acknowledged she was aware petitioner owned the equipment. He further alleges that Ms. Lucas asked if he would sell her the hay elevator and he declined. Danny M. Lucas ("Mr. Lucas") returned the hay elevator that month. The Lucases then borrowed the hay elevator again in November 2020, with permission. There is a dispute as to

---

[1] Petitioner is an attorney and appears pro se. Respondent Rodney Lee Miles appears by counsel L. Richard Dorsey, II. Respondent Christie L. Lucas appears by counsel Thomas H. Peyton. Danny M. Lucas did not appear before this Court but was represented by counsel below.

[2] There is a dispute as to whom petitioner agreed to lend the hay elevator.

1

whether the hay elevator was later returned to petitioner or remains on Ms. Lucas's property.

Petitioner filed a complaint against respondents with three counts: conversion, civil conspiracy, and punitive damages, on or about August 4, 2021. In his complaint, petitioner sought compensatory damages in the amount of $6,344.10 ($3,844.10 in replacement costs and $2,500 in damages for loss of use of his property based on the future purchase of hay bales) and punitive damages in the range of four times compensatory damages or $25,376.40 to $500,000, whichever is greater, plus interest, costs, and attorney's fees. Respondents filed verified pleadings in response.[3] The parties engaged in discovery, at times in a contentious manner. Petitioner, Mr. Miles, and Ms. Lucas submitted pretrial memoranda to the circuit court. All parties attended a pretrial hearing on June 1, 2022, where the circuit court sua sponte struck petitioner's claim for punitive damages and indicated it questioned his other damage claims. It noted that conversion damages are limited to the fair market value of what was converted and that, as far as a loss of use claim was concerned, there was a duty of petitioner to mitigate those damages. Subsequently, the circuit court entered its order dismissing petitioner's complaint without prejudice. The circuit court concluded that petitioner's claim for consequential damages was improper in this conversion action and speculative. It also found no basis for punitive damages. After striking those claims for damages, the circuit court concluded that the jurisdictional minimum amount in controversy of $7,500 set out in West Virginia Code § 51-2-2 was not satisfied and, accordingly, it lacked subject matter jurisdiction. It then dismissed the case without prejudice.

Petitioner now appeals the circuit court's June 3, 2022, order dismissing his action based on a lack of subject matter jurisdiction. We review dismissals for lack of jurisdiction de novo. *See Elmore v. Triad Hospitals, Inc.*, 220 W. Va. 154, 157-58, 640 S.E.2d 217, 220-21 (2006) (citing Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) and discussing review of motions to dismiss arising under West Virginia Rules of Civil Procedure 12(b)(1) and 12(b)(6)).

On appeal, petitioner asserts that the decision of the circuit court was erroneous because the circuit court failed to conduct an evidentiary hearing on the issues related to damages prior to entry of the order and that he should have the opportunity to continue his action against respondents. Although we do not reach the issue of whether an evidentiary hearing was required in this case, we do agree that the circuit court was premature in dismissing petitioner's claims without providing him with an adequate opportunity to present probative facts related to his claimed damages. We have held that "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, *Lowe v. Richards*, 234 W.Va. 48, 49, 763 S.E.2d 64, 65 (2014) (internal quotations and citations omitted). However, "West Virginia remains a notice-pleading state." *Goldstein v. Peacemaker Properties, LLC*, 241 W. Va. 720, 730, 828 S.E.2d 276, 286 (2019). In this case, to reach the subject matter jurisdiction issue, the circuit court

---

[3] Mr. and Ms. Lucas were in the midst of a divorce action during the proceedings below. Although a verified answer signed by Respondent Danny M. Lucas was filed, he later filed an affidavit, among other filings, contending that he was misled by Ms. Lucas as to what he was verifying. Mr. Lucas's affidavit also included facts, stated to be upon information and belief, that tend to support petitioner's allegation that his hay elevator remains on Ms. Lucas's property.

sua sponte struck punitive damages claimed by petitioner in his complaint. Those claims for damages, specifically punitive damages, if awarded, could satisfy the jurisdictional minimum amount in controversy set out in West Virginia Code § 51-2-2. In considering motions to dismiss on an issue such as punitive damages, complaint allegations must be construed in the light most favorable to the plaintiff, with all material allegations taken as true. *See Collia v. McJunkin*, 178 W.Va. 158, 160, 358 S.E.2d 242, 243-44 (1987) ("Motions to dismiss are generally viewed with disfavor because the complaint is to be construed in the light most favorable to the plaintiff and its allegations are to be taken as true.") (internal citation omitted). Under this standard, the complaint contained sufficient allegations related to punitive damages to proceed and, therefore, by striking the claim for punitive damages sua sponte at the pretrial conference, the circuit court essentially granted partial summary judgment in favor of the respondents.

"'Ordinarily, in the absence of a written motion for summary judgment by one of the parties, the court is not authorized sua sponte to grant a summary judgment.' Syllabus Point 2, *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978)." Syl. Pt. 2, *Hanlon v. Boone Cty. Cmty. Org., Inc.*, 182 W. Va. 190, 386 S.E.2d 847 (1989). We have recognized an exception to this general rule

> [w]here a court acts with great caution, assuring itself that the parties to be bound by its judgment have had an adequate opportunity to develop all of the probative facts which relate to their respective claims, the court may grant summary judgment under Rule 56, W.Va. R.C.P., *sua sponte*.

*Id*. at 193, 386 S.E.2d at 850 (quoting Syl. Pt. 4, *Southern Erectors, Inc. v. Olga Coal Co.*, 159 W. Va. 385, 223 S.E.2d 46 (1976)). "Both the general rule and its limited exception, indicate that judgments must be based on the merits after the parties have an opportunity to prove their allegations and to respond." *Id*. In this case, as in *Hanlon*, the limited exception does not apply. Based on our review of the record, petitioner did not have an adequate opportunity to prove his allegations and respond to the sua sponte striking of the damage claims at the pretrial proceeding as there was no pending written motion and no notice that the damages issue would be heard and decided at that time.[4] Therefore, we find that the circuit court's ruling was premature.

For the foregoing reasons, we reverse and remand the circuit court's June 3, 2022, order for further proceedings consistent with this memorandum decision.

Reversed and Remanded.

**ISSUED:** September 15, 2023

---

[4] Although we find that petitioner must have an adequate opportunity to develop probative facts, prove his allegations and respond, we do not require a specific type of opportunity to do so. The required opportunity can be provided by the circuit court in a number of ways.

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead

Armstead, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.